UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHANDRA GILLIARD, | CIVIL ACTION NO. 12-1249 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| UNITED STATES OF AMERICA AND MILTON DAVIS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before this Court is a Motion to Dismiss filed pursuant to Rule 12(b)(1) and Rule 12(b)(6). See Record Document 4. The motion was filed on June 18, 2012 by the Defendants the United States of America and Milton Davis. See id. Plaintiff Chandra Gilliard was given notice of the motion and allowed fourteen (14) calendar days to respond in opposition. See Record Document 5. To date, the motion is unopposed. For the following reasons, the Motion to Dismiss is **GRANTED** pursuant to Rule 12(b)(1).

**BACKGROUND**

Chandra Gilliard, plaintiff, was an employee of Goodwill Industries of North Louisiana and was a "contract employee w/the [Barksdale Air Force] [C]ommissary." See Document Record 4-4 at 5, Exhibit C (Evidence of Contractual Relationship between Goodwill Industries of North Louisiana and Barksdale Air Force Base Commissary). Plaintiff named Milton Davis, Quality Assurance Evaluator at Barksdale Air Force Base Commissary, as the defendant. See id.

Plaintiff brought suit based on Mr. Davis's alleged "discrimination, defamation, harassment." Id. As to her harassment claim, Plaintiff alleges repeated incidents of Mr. Davis "harass[ing] her about bringing a bag to work." Id. And, that the Goodwill contract manual ("the contract") "clearly stated that was allowed." Id. The contract states:

> Contractor employees shall not take any package, purse, lunch sack, bock or other personal articles into commissary areas, except authorized break rooms and locker rooms. The Government will provide the contractor a designated area . . . to store Contractor employee articles.

Record Document 4-7 at 2, Exhibit D, PWS, 1.3.5, ¶ 1. Plaintiff contends that Mr. Davis told her "not to bring in outside food" and "[t]old [her] to have someone supervise [her] before [she] could by [sic] soda from the vending machine" at risk of, "not being able to come into the work area." Id. As to her discrimination claim, Plaintiff alleges that "other employees would come in with bags" and that "[a]t no time during the [period at issue] do[es] [she] remember Davis asking any vendor for open bag inspection." Id.

Subsequently, this treatment led to her loss of wages, "loss of full federal insurance benefits package," and transfer to another location. See id. at p, 2 ¶ 1. However, Plaintiff never filed a Standard Form 95 ("SF-95") or any administrative claim with the Department of the Air Force. See. Exhibit B (Declaration from Defense Commissary Agency).

Plaintiff's claim was filed in Shreveport City Court, Small Claims Division, on or about April 10, 2012. See Record Document 1. Pursuant to 28 U.S.C. § 1442(a)(1), as an action against the United States or an officer of the United States, the claim was properly removed to the United States District Court for the Western District of Louisiana. See id. Defendants then filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). To date, the motion is unopposed.

## LAW AND ANALYSIS

**I.     Rule 12(b)(1), Sovereign Immunity, and the Federal Torts Claim Act.**

Federal courts are of limited jurisdiction and possess only the enumerated powers given to them under the Constitution and by statute. See U.S. Const. Art. III, § 1, Cl. 1. The

party asserting jurisdiction has the burden of establishing, by a preponderance of the evidence, that the court has subject matter jurisdiction. Castro v. United States, 560, F.3d 381, 386 (5th Cir. 2009) vacated on other grounds, 608 F.3d 266 (5th Cir. 2010).

  A court should grant a 12(b)(1) motion "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Home Builders Association, Inc. V. City of Madison, 143, F.3d 1006, 1010 (5th Cir. 1998); see also Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d. Cir. 1996) ("A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."). A court may find "[l]ack of subject matter . . . in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), citing Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996).

  While unclear, Plaintiff appears to be relying on the waiver of sovereign immunity set forth in the FTCA. See 28 U.S.C. §§ 1346(b), 2671-2680. Conversely, Defendants contend in their motion that the discretionary function and intentional tort exceptions to the FTCA preclude Plaintiff's recovery and deprive the court of subject matter jurisdiction. Yet, the court need not specifically address these issues, as this case turns on the FTCA's administrative exhaustion requirement. Thus, even if the court were to assume for the limited purpose of the instant ruling that sovereign immunity has been waived and that the discretionary function and intentional tort exceptions do not apply, Plaintiff's claims must fail due to her initial failure to bring an administrative claim.

### A. Failure to Exhaust under the FTCA.

Section 2675(a) of the FTCA provides:

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail*. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (*emphasis added*). Accordingly, a claimant is required to file an administrative claim prior to instituting an action. See id. Under the authority of 28 U.S.C. § 2672, the Attorney General has promulgated regulations which govern the presentation of administrative claims to federal agencies. See 28 C.F.R. § 14.2(a). Those regulations provide that

> a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

Id.; see also Wardsworth v. United States 721 F.2d 503, 505 (5th Cir. 1983).

The subject matter jurisdiction of federal courts "is conditioned on compliance with 28 U.S.C. § 2675(a)." Price v. United States, 69 F.3d 46, 54 (5th Cir 1995). "An action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed." Id. These requirements are jurisdictional and may not be waived. See id.

Here, Plaintiff has not alleged, and has presented no evidence, that an

administrative claim was brought against the appropriate agency.  See Exhibit B.  Thus, this court cannot proceed to Plaintiff's allegations of discrimination, defamation, harassment, and subsequent loss of wages.[1]  Further, even if Plaintiff were to now make an administrative claim, her claim is untimely because she filed the instant suit before the six month waiting period.  See 28 U.S.C. § 2675(a) (2012); see also Gregory v. Mitchell, 634 F.2d 199, 204 (5th Cir 1981) (noting that an untimely action cannot become timely by the passage of the requisite six months after the filing of the complaint).  Additionally, while Plaintiff has not asked for a stay to file the appropriate administrative claim, such a request is inappropriate and disfavored in the Fifth Circuit, partly because of the tendency "to increase the congestion in our already heavily burdened district courts."  Id.

## CONCLUSION

Accordingly, based on the foregoing analysis, the Defendants' Motion to Dismiss is **GRANTED** pursuant to Rule 12(b)(1), as Plaintiff has not complied with the administrative exhaustion requirement set forth in Section 2675(a).  This court, therefore, lacks subject matter jurisdiction.

---

[1] Plaintiff does not specifically reference Title VII.  However, she does allege discrimination and harassment.  Notwithstanding many possible substantive deficiencies in her Title VII claims, Plaintiff also failed to allege, and/or produce any evidence, that she proceeded through the proper administrative channels under Title VII.  See Brown v. Department of Army, 854 F.2d 77, 78 ( (5th Cir 1988); 42 U.S.C. § 2000e-16(c).  Thus, any purported Title VII claims are likewise dismissed for lack of subject matter jurisdiction due to Plaintiff's failure to exhaust her administrative remedies.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this 9th day of August, 2012.

*[signature]*
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE